NO. 07-03-0053-CR
NO. 07-03-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 22, 2003

_____


JEREMY SHANE HOSKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 83208 & 83209; HONORABLE LARRY GIST, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**ABATEMENT AND REMAND**


Pursuant to pleas of guilty, appellant Jeremy Shane Hoskins was convicted in cause number 83208 of possession of a controlled substance, a second degree felony, and in cause number 83209 of possession of a controlled substance, a first degree felony.

Without an agreed recommendation, punishment was assessed at confinement for 15 years to run concurrently. The clerk's record and reporter's record have both been filed. After three motions for extensions to file appellant's brief were granted extending the deadline to July 11, 2003, with the third order advising counsel that failure to comply might result in the appeals being abated and the causes remanded for further proceedings, a fourth request was filed on July 14, 2003. Counsel's explanation for requesting a fourth extension is he is "out of state and unable to prepare the brief prior to the deadline."

Appellant's fourth motion for extension of time to file his brief is denied and we now abate the appeals and remand the causes to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to new appointed counsel; and

3. if appellant is not indigent, whether retained counsel has abandoned the appeal.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel,

2

which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, September 5, 2003 .

     It is so ordered.

                                           Per Curiam

Do not publish.

3